IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KRISTOFFER T. MORRIS,**

    **Petitioner,**                   **CASE NO. 2:10-CV-00542**
                                            **JUDGE GRAHAM**
**v.**                                             **MAGISTRATE JUDGE ABEL**

**WARDEN, TOLEDO**
**CORRECTIONAL FACILITY**

    **Respondent.**

## OPINION AND ORDER

On December 30, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's motion to dismiss the instant habeas corpus petition as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d) be granted and this action be dismissed.  Doc. 10.  Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*, Doc. 12, and a motion to amend his § 2254 petition to identify the Warden of the Toledo Correctional Facility as the appropriate respondent in this case, and to correct the docket to reflect that Petitioner is currently being housed at that facility.  Doc. 13.  Petitioner's motion to amend (Doc. 13), is **GRANTED**.

For the reasons that follow, Petitioner's objections (Doc. 12), are **OVERRULED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  Respondent's motion to dismiss (Doc. 7) is **GRANTED.**  This action is hereby **DISMISSED.**

Petitioner's request for a certificate of appealability is **DENIED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his habeas corpus petition as time-barred.  Petitioner again raises all of the same arguments he previously presented.  He again seeks an evidentiary hearing or the appointment of counsel to assist him in

establishing he acted diligently in pursuing relief. He requests the Court to liberally construe his pleadings in view of his *pro se* status. He argues that equitable tolling of the statute of limitations is appropriate and that this action is timely because, *inter alia*, an objective factor impeded his ability to comply with state procedural rules, the factual or legal basis for his claim(s) was not reasonably available, and failure to review his claims will result in a manifest miscarriage of justice. *Objections,* at 5. Petitioner contends that he has less access than a typical prisoner to the prison's law library because he is housed in a segregated portion of a maximum security prison, and therefore should be allowed more time to pursue relief. He also again argues that his status as a *pro se* incarcerated prisoner warrants equitable tolling of the statute of limitations, and contends that the statute of limitations should not begin to run until January 21, 2009, when he requested a stay of proceedings in his previous habeas corpus petition. *See Morris v. Warden*, No. 2:08-CV-1176 (S.D. Ohio, Eastern Division). According to Petitioner, he had no reason to believe the statute of limitations would bar him from re-filing this habeas corpus petition after the dismissal of his prior timely filed habeas corpus petition. *Objections,* at 15.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Liberally construing Petitioner's *pro se* pleadings, as this Court is required to do, Petitioner's arguments are not persuasive. The record fails to support Petitioner's assertion that this Court should deem his habeas corpus petition timely or, for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, that equitable tolling of the statute of limitations is appropriate in this case.

Likewise, the record does not indicate that an evidentiary hearing or the appointment of counsel are warranted. An evidentiary hearing is not required where it would be futile or where, as here, the record is complete and no fact that could be developed would result in the granting of the

writ. *Mack v. Bradshaw*, No. 1:04CV829, 2010 WL 1416703, at *1 (N.D. Ohio March 31, 2010).

Furthermore,

> [i]t is well established that a habeas corpus proceeding is civil in nature, and the Sixth Amendment right to counsel afforded for criminal proceedings does not apply. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Barker v. Ohio*, 330 F.2d 594 (6th Cir.1964). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. 18 U.S.C. § 3006A(g); *Mira v. Marshall*, 806 F.2d 636 (6th Cir.1986). Appointment of counsel in a habeas proceeding has been found to be mandatory only if the district court determines that an evidentiary hearing is required. Rule 8(c), Rules Governing § 2254 Cases. Where no evidentiary hearing is necessary, as in the instant case, the district court will often consider (1) the legal complexity of the case, (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors.

*Miller v. Voories*, No. 2:09-cv-00230, 2010 WL 654006, at *2 (S.D. Ohio Feb. 19, 2010)(quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)). The record fails to reflect that the interests of justice or due process require the appointment of counsel in this case. To the contrary, the record reflects that Petitioner effectively has argued his position.

Petitioner's alternative request to amend his petition to delete claims he previously presented in his prior habeas corpus petition and proceed solely on his newly raised claims is **DENIED**. As discussed, all of Petitioner's claims are time-barred.

As to Petitioner's request for a certificate of appealability, where the Court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

3

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

This Court is not persuaded that reasonable jurists would debate whether the petition states a valid claim of the denial of a constitutional right. Therefore, Petitioner's request for a certificate of appealability therefore is **DENIED**.

Petitioner's motion to amend (Doc. 13), is **GRANTED**. Petitioner's objections (Doc. 12), are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** Respondent's motion to dismiss (Doc. 7) is **GRANTED.** This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

Date: January 26, 2011         S/James L. Graham
                                James L. Graham
                                United States District Judge